1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK A. YOUNG,

                      Plaintiff,

       v.

ELDON VAIL, *et al*,

                    Defendants.

Case No.  C04-5654RJB

ORDER

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of a motion for extension of time for discovery and for extension of the number of interrogatories to parties. (Dkt. #24).

      In his motion, plaintiff states that on March 27, 2005, he mailed to defendants' counsel a first set of interrogatories for all defendants.  Plaintiff states that on May 2, 2005, he received defendants' answers and objections to those interrogatories, as well as the objections of defendants' counsel to the first set of interrogatories for defendant Pamela Riddle.  However, because defendant Riddle was on leave due to a family emergency, she was unable at that time to provide answers to those interrogatories.

ORDER
Page - 1

1      Plaintiff states that on May 23, 2005, he received a letter, dated May 15, 2005, from defendants'

2   counsel and the original signature pages of various discovery documents, including the signature page for

3   defendant Riddle's answers and objections to the first set of interrogatories, but not defendant Riddle's

4   actual answers.  On May 24, 2005, plaintiff wrote a letter to defendants' counsel, in which he stated that he

5   had not received defendant Riddle's answers, that he would file a motion for extension of discovery on the

6   date he receives those answers, and that the parties should confer on these and other discovery issues as

7   soon as possible.

8        On May 30, 2005, plaintiff sent his second set of interrogatories for all defendants to defendants'

9   counsel along with a cover letter.  In that cover letter, plaintiff again stated that he had not yet received

10  defendant Riddle's answers to his first set of interrogatories, that he could not wait any longer to send the

11  second set of interrogatories, and that he would seek an extension of time for discovery due to the fact that

12  he had not received defendant Riddle's answers.

13       Plaintiff states he finally received defendant Riddle's answers to the first set of interrogatories on

14  June 7, 2005.  A letter from the Washington State Attorney General's Office accompanying those answers

15  read:

16       This letter is in response to your letter of May 24, 2005, regarding Pamela Riddle's
         answers and objections to your First Set of Interrogatories.  Please note that the
17       <u>objections</u> to Ms. Riddle's interrogatory answers were signed by Assistant Attorney
         General Brian Maxey on April 18, 2005, and provided to you at that time.  Ms. Riddle's
18       signed responses, with objections, were provided to you along with other documents on
         May 18, 2005.  As a courtesy, we are enclosing herein a duplicate copy of Ms. Riddle's
19       signed interrogatory responses and objections to your First Set of Interrogatories.

20  Plaintiff's Motion, Exhibit 3H.  Plaintiff asserts, however, that the answers he received did not contain the

21  signature of Mr. Maxey, and that defendant Riddle's signature was not dated.

22       Plaintiff states that he served his second set of interrogatories on defendants on May 30, 2005, due

23  to the failure of defendants' counsel to confer and the delay in receiving defendant Riddle's answers, and in

24  order to allow defendants time to respond to the second set of interrogatories and to allow him time to

25  prepare and file a motion to compel discovery before the court-imposed discovery deadline of August 9,

26  2005.  Plaintiff further states he was prejudiced in his ability to provide the second set of interrogatories,

27  because he received defendant Riddle's answers to the first set of interrogatories after he had mailed the

28  second set of interrogatories.  As such, plaintiff asserts, the second set of interrogatories could not reflect

ORDER
Page - 2

1   the information contained in defendant Riddle's answers.

2       Plaintiff thus argues that although he already has used all of his allotted interrogatories in serving

3   his first and second sets of interrogatories on defendants, an additional set of ten interrogatories for each

4   named defendant now is needed based on the answers defendant Riddle provided in response to the first set

5   of interrogatories.  Plaintiff further argues that an extension of the discovery deadline to November 9,

6   2005, is necessary in order, as noted above, to allow time for defendants to answer the additional sets of

7   interrogatories and for plaintiff to file a motion to compel, and in order for plaintiff to be able to serve and

8   receive answers to a second set of interrogatories he intends to serve on defendant Riddle.

9       Defendants state plaintiff's first set of interrogatories, including those for defendant Riddle, were

10  received on March 30, 2005.  Defendants state they mailed their objections and responses to the first set of

11  interrogatories, along with objections to defendant Riddle's first set of interrogatories, to plaintiff on April

12  28, 2005.  Defendants state that objections and responses to defendant Riddle's first set of interrogatories

13  also were mailed to plaintiff on May 18, 2005.  Defendants further state that on June 2, 2005, plaintiff's

14  second set of interrogatories were received, except for those for defendant Riddle.  They state that on June

15  15, 2005, they received defendant Riddle's second set of interrogatories.

16      Defendants state they have answered all of plaintiff's discovery requests in good faith and to the

17  best of their ability.  They assert that defendant Riddle's responses to the first set of interrogatories were

18  first sent to plaintiff on May 18, 2005, and that a second set of those answers was sent to plaintiff on June

19  3, 2005.  Defendants argue that even after the second set of answers was sent, plaintiff still had another

20  sixty-seven days to pursue discovery before the discovery deadline.  Defendants further argue that plaintiff

21  fails to explain why "time was of the essence" in asserting he had to send a second set of interrogatories to

22  defendants without benefit of defendant Riddle's answers to the first set of interrogatories.  Defendants

23  also refute plaintiff's claims that they failed to confer with him.

24      Needless to say, the parties disagree on when plaintiff first received defendant Riddle's answers to

25  the first set of interrogatories, on his asserted need to send the second set of interrogatories to defendants

26  prior to receiving those answers and to serve additional interrogatories, and on his need for an extension of

27  the discovery deadline.  A review of the documents submitted by both parties fails to show definitively

28  when plaintiff initially received defendant Riddle's answers.  Therefore, the court finds it requires from

ORDER
Page - 3

1  defendants a copy of defendant Riddle's answers to the first set of interrogatories they claim were sent to

2  plaintiff on May 18, 2005, including any affidavit or other proof of mailing.  Defendants shall provide the

3  court with that documentation by **no later than August 29, 2005**,

4       In addition, as noted above, plaintiff claims he needs to serve a set of ten additional interrogatories

5  on each of the named defendants based on defendant Riddle's answers to the first set of interrogatories.

6  Plaintiff states the additional interrogatories are needed, because defendant Riddle's answers conflict with

7  the answers and "elicit specific questions" of the other defendants.  Plaintiff, however, does not state how

8  the answers conflict or what those specific questions are.  In sum, the court requires from plaintiff the list

9  of questions he desires to serve on defendants, and an explanation as to why those specific questions are

10  necessary for completion of discovery in this matter.  Plaintiff shall do so by **no later than September 5,**

11  **2005**.  Defendants may file a response, if any, by **no later than September 8, 2005**.

12       Accordingly, the clerk is directed to re-note plaintiff's motion for extension of time for discovery

13  and for extension of the number of interrogatories to parties (Dkt. #24) to **September 9, 2005**.  The clerk

14  also is directed to send a copy of this Order to plaintiff and to counsel for defendants.

15       DATED this 8th day of August, 2005.

16

17

18                    Karen L. Strombom

19                    United States Magistrate Judge

20

21

22

23

24

25

26

27

28

ORDER
Page - 4