UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK A. YOUNG,

        Plaintiff,

   v.

ELDON VAIL, *et al*,

        Defendants.

Case No.  C04-5654RJB

ORDER

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of a motion for order to provide interrogatories to non-parties and for second request for discovery time extension. (Dkt. #26).

Plaintiff requests permission to serve interrogatories on four non-parties to this action, who appear to be employees of the Washington State Department of Corrections.  Plaintiff states that on May 30, 2005, he mailed interrogatories to these four non-parties, along with a second set of interrogatories to each of the named defendants.  Defendants apparently objected to the interrogatories plaintiff had sent to the four non-parties, on the basis that they are non-parties to this action.  Plaintiff argues the non-parties are

"proposed" defendants, and, in any event, he interprets Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 33 to allow interrogatories to agents of defendants.

Fed. R. Civ. P. 33(a) reads in relevant part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.

First, it must be noted that while the four non-parties upon which plaintiff seeks to serve interrogatories may have been designated by plaintiff as "proposed" defendants, they have not been named as parties to this action. In addition, as noted above, although Fed. R. Civ. P. 33(a) does refer to officers or agents of a governmental agency, that reference is made only in the context of who is responsible for answering the interrogatories on behalf of that agency. Fed. R. Civ. P. 33(a) thus does not, as plaintiff asserts, allow for additional interrogatories to be served on such officers or agents.

Because none of the four non-parties upon whom plaintiff seeks to serve interrogatories are parties to this action, service of the interrogatories on those non-parties is not permitted under Fed. R. Civ. P. 33. Accordingly, plaintiff's motion for order to provide interrogatories to non-parties and for second request for discovery time extension (Dkt. #26) is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 8th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2