UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK A. YOUNG,

                Plaintiff,

      v.

ELDON VAIL, *et al*,

               Defendants.

Case No.  C04-5654RJB

ORDER

        This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the court on plaintiff's filing of a motion for extension of time for discovery and for extension of the number of interrogatories to parties (Dkt. #24) and a motion for extension of time to respond to defendants' motion for summary judgment (Dkt. #37). The court hereby finds and ORDERS as follows:

        On March 10, 2005, the court issued a pretrial scheduling order, setting a deadline of August 9, 2005, for completion of discovery, and a deadline of September 8, 2005, for filing dispositive motions. (Dkt. #22). On June 13, 2005, plaintiff filed his motion for extension of time for discovery and for

extension of the number of interrogatories to parties, in which he requested an extension of the discovery deadline to November 9, 2005, and the ability to serve up to an additional ten interrogatories on each of the named defendants.

In support of his motion, plaintiff stated that on March 27, 2005, he mailed to defendants' counsel a first set of interrogatories for all defendants. He stated that on May 2, 2005, he received defendants' answers and objections to those interrogatories, as well as the objections of defendants' counsel to the first set of interrogatories for defendant Pamela Riddle. However, because defendant Riddle was on leave due to a family emergency, she was unable at that time to provide answers to those interrogatories.

Plaintiff stated that on May 23, 2005, he received a letter, dated May 15, 2005, from defendants' counsel and the original signature pages of various discovery documents, including the signature page for defendant Riddle's answers and objections to the first set of interrogatories, but not defendant Riddle's actual answers. On May 24, 2005, plaintiff wrote a letter to defendants' counsel, in which he stated that he had not received defendant Riddle's answers, that he would file a motion for extension of discovery on the date he receives those answers, and that the parties should confer on these and other discovery issues as soon as possible.

On May 30, 2005, plaintiff sent his second set of interrogatories for all defendants to defendants' counsel along with a cover letter. In that cover letter, plaintiff again stated that he had not yet received defendant Riddle's answers to his first set of interrogatories, that he could not wait any longer to send the second set of interrogatories, and that he would seek an extension of time for discovery due to the fact that he had not received defendant Riddle's answers.

Plaintiff stated he finally received defendant Riddle's answers to the first set of interrogatories on June 7, 2005. A letter from the Washington State Attorney General's Office accompanying those answers read:

> This letter is in response to your letter of May 24, 2005, regarding Pamela Riddle's answers and objections to your First Set of Interrogatories. Please note that the <u>objections</u> to Ms. Riddle's interrogatory answers were signed by Assistant Attorney General Brian Maxey on April 18, 2005, and provided to you at that time. Ms. Riddle's signed responses, with objections, were provided to you along with other documents on May 18, 2005. As a courtesy, we are enclosing herein a duplicate copy of Ms. Riddle's signed interrogatory responses and objections to your First Set of Interrogatories.

Plaintiff's Motion for Extension of Time for Discovery and for Extension of Number of Interrogatories to

Parties, Exhibit 3H.  Plaintiff asserted, however, that the answers he received did not contain the signature of Mr. Maxey, and that defendant Riddle's signature was not dated.

Plaintiff stated that he served his second set of interrogatories on defendants on May 30, 2005, due to the failure of defendants' counsel to confer and the delay in receiving defendant Riddle's answers, and in order to allow defendants time to respond to the second set of interrogatories and to allow him time to prepare and file a motion to compel discovery before the court-imposed discovery deadline of August 9, 2005.  Plaintiff further stated he was prejudiced in his ability to provide the second set of interrogatories, because he received defendant Riddle's answers to the first set of interrogatories after he had mailed the second set of interrogatories.  As such, plaintiff asserted, the second set of interrogatories could not reflect the information contained in defendant Riddle's answers.

Plaintiff thus argued that although he already had used all of his allotted interrogatories in serving his first and second sets of interrogatories on defendants, an additional set of ten interrogatories for each named defendant now was needed based on the answers defendant Riddle provided in response to the first set of interrogatories.  Plaintiff further argued that an extension of the discovery deadline to November 9, 2005, was necessary in order, as noted above, to allow time for defendants to answer the additional sets of interrogatories and for plaintiff to file a motion to compel, and in order for plaintiff to be able to serve and receive answers to a second set of interrogatories he intended to serve on defendant Riddle.

In response to plaintiff's motion, defendants stated plaintiff's first set of interrogatories, including those for defendant Riddle, were received on March 30, 2005.  Defendants stated that they mailed their objections and responses to that first set of interrogatories, along with objections to defendant Riddle's first set of interrogatories, to plaintiff on April 28, 2005, and that they mailed objections and responses to defendant Riddle's first set of interrogatories to plaintiff on May 18, 2005.  They further stated plaintiff's second set of interrogatories for all defendants other than defendant Riddle were received on June 2, 2005, and that the second set of interrogatories for defendant Riddle was received on June 15, 2005.

Defendants stated they answered all of plaintiff's discovery requests in good faith and to the best of their ability.  They asserted that defendant Riddle's responses to the first set of interrogatories were first sent to plaintiff on May 18, 2005, and that a second set of those answers was sent to him on June 3, 2005.  Defendants argued that even after the second set of answers had been sent, plaintiff still had another sixty-

ORDER
Page - 3

1  seven days to pursue discovery before the discovery deadline.  They argued plaintiff failed to explain why
2  "time was of the essence" in asserting he had to send a second set of interrogatories to defendants without
3  benefit of defendant Riddle's answers to the first set of interrogatories.  Defendants also refuted plaintiff's
4  claims that they failed to confer with him.

5  Because the record before the court failed to show definitively when plaintiff initially received
6  defendant Riddle's answers, on August 8, 2005, the court issued an order directing defendants to file a
7  copy of defendant Riddle's answers they claimed had been sent to plaintiff on May 18, 2005, including any
8  affidavit or other proof of mailing. (Dkt. #31).  In that order, the court also directed plaintiff to show how
9  defendant Riddle's answers conflicted with the answers and elicited specific questions from the other
10 named defendants, and to provide the court with a list of the additional questions he desired to serve on
11 defendants.  Both parties have now responded.

12 In their response, defendants state that although "no certain proof of service" regarding defendant
13 Riddle's answers to plaintiff's first set of interrogatories exists, those answers were believed to have been
14 mailed to plaintiff on May 18, 2005. Declaration of Lisa Ockerman, Exhibit 1 attached to Defendants'
15 Response to Court Order of August 8, 2005, p. 2 (Dkt. # 33).  Defendants further state that in response to
16 plaintiff's May 24, 2005 letter, a copy of defendant Riddle's signed answers and objections to plaintiff's
17 first set of interrogatories were sent to plaintiff on June 3, 2005. Id.  Plaintiff reasserts in his response to
18 the court's August 8, 2005 order that he did not receive a copy of defendant Riddle's answers until early
19 June 2005. (Dkt. #36).

20 Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 33(a) provides that "[w]ithout leave of court or
21 written stipulation, any party may serve upon any other party written interrogatories, no exceeding 25 in
22 number including all discrete subparts."  The court shall grant leave to serve additional interrogatories "to
23 the extent consistent with the principles of" Fed. R. Civ. P. 26(b)(2).  That rule provides in relevant part as
24 follows:

25 > The frequency or extent of use of the discovery methods otherwise permitted under
> these rules and by any local rule shall be limited by the court if it determines that: (i) the
26 > discovery sought is unreasonably cumulative or duplicative, or is obtainable from some
> other source that is more convenient, less burdensome, or less expensive; (ii) the party
27 > seeking discovery has had ample opportunity by discovery in the action to obtain the
> information sought; or (iii) the burden or expense of the proposed discovery outweighs
28 > its likely benefit, taking into account the needs of the case, the amount in controversy,
> the parties' resources, the importance of the issues at stake in the litigation, and the

ORDER
Page - 4

importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

As noted above, the parties remain in dispute as to exactly when plaintiff first received defendant Riddle's answers, and, based on the record before the court, that issue continues to be unresolved. The parties do agree, however, that at the every least plaintiff received those answers by early June 2005. The court questions whether time really was "of the essence" such that plaintiff felt he had to send his second set of interrogatories to defendants merely one week after he sent his May 24, 2005 letter first informing defendants' counsel that he had not received defendant Riddle's answers (and, the court notes, only one week before plaintiff actually received them) in order to meet the August 9, 2005 discovery deadline. Nevertheless, the court finds that it would not be unreasonable under the requirements of Fed. R. Civ. P. 26(b)(2) and 33(a) to allow plaintiff to serve the specific questions set forth in his response to the court's August 8, 2005 order on the respective defendants named therein.

Accordingly, plaintiff's motion for extension of time for discovery and extension of the number of interrogatories to parties (Dkt. #24) is hereby GRANTED. Plaintiff may serve interrogatory numbers 26 through 29 set forth on pages 2 to 3 of Attachment A to his response to the court's August 8, 2005 order on defendants Morgan, VanBoeing, Scamahorn, Murray and Moore respectively. Plaintiff also may serve interrogatory numbers 26 through 29, as well as interrogatory numbers 30 through 32 set forth on pages 5 to 6 of Attachment A to his response to the court's August 8, 2005 order, on defendants Lehman, Vail and Vaughan respectively. Plaintiff shall serve those interrogatories on the above defendants within **ten (10) days** of the date of this order.

In light of the court's granting plaintiff's request to serve the above additional interrogatories, the deadline for completion of discovery in this case is hereby extended until **December 7, 2005**. In addition, plaintiff shall have until **January 6, 2006**, to respond to defendants' motion for summary judgment. To that extent, and because defendants do not object (Dkt. #40), plaintiff's motion for extension of time to respond to defendants' motion for summary judgment (Dkt. #37) is hereby GRANTED. Defendants shall file a reply to plaintiff's response, if any, by no later than **January 12, 2006**. The deadline for filing the joint status report is hereby extended until **February 26, 2006**.

Accordingly, the clerk is directed to re-note defendants' motion for summary judgment (Dkt. #34)

to **January 13, 2006**. The clerk also is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 7th day of October, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 6