UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK A. YOUNG,

        Plaintiff,

    v.

ELDON VAIL, *et al*,

        Defendants.

Case No.  C04-5654RJB

ORDER

       This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of a motion for order of the court directing that any costs directed against plaintiff be taken from plaintiff's mandatory savings account. (Dkt. #44).

       In his motion, plaintiff requests that in the event the court grants defendants' motion for summary judgment (Dkt. #34), all costs rendered against him be taken from his mandatory savings account in the absence of significant funds in his regular prison account.  The undersigned has recommended that the court grant defendant's motion for summary judgment, so plaintiff's motion is now ripe for consideration.  See Report and Recommendation, dated the same date herewith.  Plaintiff further states in his motion that

ORDER
Page - 1

Department of Corrections ("DOC") administrative policy permits withdrawals from prisoner accounts for costs, sanctions and attorney fees with respect to "Non-LFO Court Orders."

The court, however, does not find plaintiff's argument persuasive. First, plaintiff is not proceeding *in forma pauperis* in this matter, and so the court takes his claim of lack of funds with some skepticism. Indeed, plaintiff states in his motion that as of December 1, 2005, he had $3,043.39 in his prison trust account. Plaintiff, however, fails to indicate what portion of those funds consist of mandatory savings and what portion are available to him for his use. Considering that plaintiff was able to pay the court filing fee in this matter ($150.00 at the time), the court presumes he has at least some funds available to pay any costs assessed against him.

In addition, defendants have informed the court that the particular DOC policy on which plaintiff relies is not dispositive of the issue of whether funds may be withdrawn from his personal savings account to pay any prospective court costs. See Defendants' Response to Motion for Order Directing any Costs Against Plaintiff Be Taken from Plaintiff's Mandatory Savings Account (Dkt. #50). They assert that such policy governs general withdrawals from offender accounts, but does not specifically address withdrawals from inmate personal savings accounts, which have special protections. In addition, it appears that there is statutory guidance on this issue:

> The department personal inmate savings account, together with any accrued interest, shall only be available to an inmate at the time of his or her release from confinement, unless the secretary determines that an emergency exists for the inmate, at which time the funds can be made available to the inmate in an amount determined by the secretary.

RCW 72.09.111(3).

The court does not have a copy of the particular DOC policy relied on by plaintiff, as neither party has provided the court with one. In any event, it appears that policy does not require that inmates be given access to their mandatory savings accounts, and the court is not inclined to order such access given the facts currently available. In addition, as noted above, there is statutory authority which states that an inmate's savings account shall be available only in two circumstances, either at the time of release or if it is determined that an emergency exists. As plaintiff is currently incarcerated and there appears to be no evidence of an emergency (the court does not find the standard costs associated with civil litigation to be one). As such, plaintiff's motion for order of the court directing that any costs against plaintiff be taken from plaintiff's mandatory savings account (Dkt. #44) hereby is DENIED.

ORDER
Page - 2

The clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 1st day of February, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3